# Exhibit 2

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ERIC GUNDRUM and MICHAEL KING,** | : | |
| **individually and on behalf of all persons** | : | |
| **similarly situated,** | : | |
| | : | |
| **Plaintiffs,** | : | **CIVIL ACTION NO.: 4:17-cv-00055-** |
| | : | **TCK-TLW** |
| **v.** | : | |
| | : | |
| **CLEVELAND INTEGRITY SERVICES,** | : | |
| **INC.,** | : | |
| | : | |
| **Defendant.** | : | |

## SETTLEMENT AGREEMENT

Plaintiffs Eric Gundrum ("Gundrum") and Michael King ("King") (collectively, "Plaintiffs") and Defendant Cleveland Integrity Services, Inc. ("CIS") hereby agree to the following binding settlement of the lawsuit captioned *Gundrum, et al. v. Cleveland Integrity Services, Inc.,* No. 4:17-cv-00055-TCK-TLW (N.D. Ok.).

1. CIS contends that if this case were to be litigated, both class certification under Rule 23 of the Federal Rules of Civil Procedure and collective action treatment under the Fair Labor Standards Act ("FLSA") would be inappropriate. For settlement purposes only, however, CIS stipulates: (a) that Plaintiffs may amend their complaint to additionally allege a multi-state Rule 23 settlement class premised on unjust enrichment claims; and (b) that a Rule 23 settlement class may be certified and defined as follows:

> all employees who worked for CIS in the job title of inspector and who were paid on a daily rate basis in any workweeks between January 1, 2015 and March 31, 2017, except for individuals who held only jobs containing the word "Chief" (the "Class" or "Class Members").

2. Plaintiffs and CIS agree that certification of this Class under Rule 23(e) for settlement purposes is not an admission by CIS that either class certification or FLSA collective action treatment is proper for litigation purposes and further agree that evidence of this limited stipulation for settlement purposes only will not be admissible for any reason except to obtain approval of or to enforce this Settlement Agreement. Further, if this settlement is not approved by the Court, then Plaintiffs and CIS agree that each shall return to their respective positions on the day before this Settlement Agreement was executed and that the amended complaint, permitted under Paragraph 1 of this Settlement Agreement only for purposes of settlement, shall be withdrawn and replaced by the original complaint.

3.      This lawsuit is settled for Four Million, Five Hundred Thousand Dollars ($4,500,000.00).  This sum (the "Gross Settlement Amount") includes: (a) Class Counsel's attorneys' fees in an amount not to exceed one-third of the Gross Settlement Amount; (b) Class Counsel's costs as approved by the Court which currently are anticipated not to exceed $25,000; (c) service awards in amounts up to $20,000 each for Plaintiffs Eric Gundrum and Michael King and $2,500 to each of the five Opt-In Plaintiffs (Donnie Hood; Eric Malone; Christopher Teague; Erasmo Enriquez; and Jacob Carlson) who submitted declarations in support of earlier motions in this case; (d) all costs and fees of the independent Settlement Administrator; and (e) CIS' share of payroll taxes on that part of the net settlement funds that are attributable to wages.

4.      After subtracting the amounts itemized in Paragraph 3(a) through (e) from the Gross Settlement Amount, the balance of the funds ("Net Settlement Amount") shall be apportioned among all Class Members who do not exclude themselves from the settlement by timely opting out ("Eligible Class Members") as follows:

a.      First, each Eligible Class Member will receive a minimum settlement amount of $350, regardless of whether or not he/she returns a timely Claim Form.  If fewer than 35% of Eligible Class Members return a timely Claim Form, the minimum settlement amount shall be increased to $500.  If fewer than 20% of Eligible Class Members return a timely Claim Form, the minimum settlement amount shall be increased to $600.

b.      Second, the balance of the Net Settlement Fund will be distributed on a *pro rata* basis to those who return timely Claim Forms or who previously opted in to the case under a formula determined by Class Counsel (Berger & Montague, P.C.) based on weeks worked by each Eligible Class Member during the period between three years before they opted into this litigation, either by filing an Opt-In Consent Form or a Claim Form and March 31, 2017.

c.      Where the formula for *pro rata* distribution relies on data concerning Class Members' employment, those facts will conclusively be determined by CIS's personnel data; likewise, inclusion in the Settlement Class shall also be determined by CIS's personnel data.  That formula shall be detailed in Class Counsel's motion for preliminary approval and shall be subject to the Court's approval.  Separately, Class Counsel shall select an independent third party to serve as Settlement Administrator for the purpose of administering notice to the Class Members, calculating each Class Member's share of the Net Settlement Amount, and issuing checks to distribute the Gross Settlement Amount.

5.      Forty percent (40%) of each Eligible Class Member's settlement share shall be treated as back wages so the Settlement Administrator shall effectuate federal and applicable state income and other employment tax withholding as required by law with respect to that 40%; the Settlement Administrator shall pay all required withholding taxes and other payroll taxes (including unemployment insurance taxes) to the appropriate governmental authorities and shall report that to each Eligible Class Member on a W-2 form.  The remaining 60% of each settlement share shall be treated as non-wage interest and/or damages or liquidated damages, shall be reported on an IRS Form 1099, and shall not be subject to withholding taxes. CIS shall provide the Settlement Administrator information as necessary to accomplish this tax

withholding and reporting.  Notwithstanding the treatment of the settlement amounts above, none of the payments, including the wages portion, will be treated as earnings or wages under any benefit or retirement plans.  Finally, Class Counsel will be issued an IRS Form 1099 from the Settlement Administrator for its award of attorneys' fees and costs, while the individuals set forth above receiving service awards will have those amounts treated as wages and with the same tax withholding and W-2 reporting as all other wage payments under this Agreement.

6.     This settlement resolves and fully releases all claims, both known and unknown, of Plaintiffs, the Opt-In Plaintiffs, and the Settlement Class through the date of the Court's Preliminary Approval Order that arise out of their employment with CIS under the Fair Labor Standards Act ("FLSA"), state statutory law (excluding workers' compensation laws, unemployment compensation laws, and discrimination laws), or common law (*e.g.*, unjust enrichment, quantum meruit, *etc.*) concerning their compensation, hours of work, pay for those hours of work, or CIS's payroll practices (collectively, the "Released Claims").

7.     Each Class Member who signs, deposits, and/or cashes a settlement check, fully releases CIS and all of its past and present parent companies, investors in any of those companies, controlling persons, subsidiaries, affiliates, directors, officers, agents, attorneys, employees, and benefit plans sponsored by any such entities (collectively, the "Released Parties") from all Released Claims.  Thus, Class Members will only release the Released Parties from the Released Claims upon signing, depositing, and/or cashing their settlement checks.  In contrast, Plaintiffs Eric Gundrum and Michael King and the Opt-In Plaintiffs hereby grant a general release to the Released Parties as additional consideration for their service awards regardless of signing, depositing, and/or cashing their settlement checks.

8.     Within ten (10) business days after the Preliminary Approval Order, CIS will provide the Settlement Administrator with a list setting forth for all Class Members their names, last known addresses, last known telephone numbers, last known email addresses, and social security numbers.  Each Class Member will be fully advised of this class action settlement with the Notice of Settlement attached hereto as Exhibit A ("Notice of Settlement"); Claim Form attached hereto as Exhibit B ("Claim Form"); and a stamped, self-addressed envelope for returning that Claim Form to the Settlement Administrator.  Those will be sent to all Class Members by the Settlement Administrator by U.S. mail and email (except for the stamped, self-addressed envelope) within fifteen (15) business days following the Preliminary Approval Order. To provide the best notice practicable, before mailing the Notice of Settlement, the Settlement Administrator will run the list of Class Members through the U.S. Postal Service's National Change of Address database ("NCOA").

Each Class Member may choose to opt out of the settlement by requesting exclusion in accordance with the procedures set forth in the Notice of Settlement.  Each will have sixty (60) days from the initial mailing of the Notice of Settlement to submit a Claim Form, written requests to the Settlement Administrator for exclusion or, alternatively, to submit objections to the settlement.  The timeliness of objections and requests for exclusion will be determined by their receipt by the Settlement Administrator. The parties may agree to accept any late submitted claim forms.

3

Exclusions or objections must be submitted by either first class mail, email, facsimile, or by overnight courier.  Claim Forms may be returned by first class mail, email, facsimile, or via an electronic signature service that will be established in such a manner that the electronic Claim Forms will be delivered directly to the Settlement Administrator and will not be accessed by Class Counsel.

The Settlement Administrator will send a reminder notice attached hereto as Exhibit C ("Reminder Notice") by First Class Mail and email thirty (30) days from the end of the claim period to remind Class Members to submit claim forms to maximize their recovery.  The Settlement Administrator shall also use reasonable devices to obtain forwarding addresses after the initial mailing and will resend notices to those forwarding addresses.

9.      If more than five percent (5%) of Class Members timely opt out of this settlement, or if less than 10% of Eligible Class Members return a Claim Form, CIS -- at its sole option -- may withdraw from and nullify this settlement.  The Settlement Administrator shall provide weekly reports of the number of returned Claim Forms and the number of opt-outs to CIS's counsel and Class Counsel. Within five (5) business days after the close of the time for Class Members to opt out, the Settlement Administrator will provide a Final Report to CIS's counsel and Class Counsel by telephone and by email of the number of Class Members who were mailed the Notice of Settlement; the final number who opted out; the final number who objected; the final number who filed claims; and the final number who were unable to be contacted (and shall provide counsel for all parties with copies of all objections and requests for exclusion).  If the 5% threshold for opt outs or the 10% threshold for Claim Forms has been reached, CIS shall have five (5) business days from the emailing of that Final Report to notify Class Counsel of its decision to exercise its option to nullify this Settlement Agreement.

10.      The Settlement Administrator will establish a Qualified Settlement Fund ("QSF") pursuant to Section 468B(g) of the Internal Revenue Code for the purpose of administering the settlement funds.  CIS will fund the settlement by depositing the Gross Settlement Amount into the QSF within ten (10) business days after the expiration of the time to file appeals concerning the final approval of the settlement, or within ten (10) business days after the resolution of any filed appeals, whichever date is later.

11.      The entire Net Settlement Amount shall be distributed to Eligible Class Members. All Eligible Class Members will receive a check from the QSF with their *pro rata* share of the Net Settlement Fund as soon as practicable following the Settlement Administrator's receipt of the Gross Settlement Fund.   Each settlement check will contain the following limited endorsement, placed on the back of the check by the Settlement Administrator, to satisfy any applicable procedural protocols under the FLSA:

By signing, depositing, and/or cashing this check, I hereby consent to opt-in to the collective action in *Gundrum v. Cleveland Integrity Services, Inc.*, No. 4:17-cv-00055-TCK-TLW (N.D. Ok.) as a party plaintiff pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA") and agree to release Cleveland Integrity Services, Inc. ("CIS") and all Released Parties from all claims, both known and unknown,  that arise out of my employment with CIS under the FLSA, state

statutory law (excluding workers' compensation laws, unemployment compensation laws, and discrimination laws), or common law (*e.g.*, unjust enrichment, quantum meruit, *etc.*) concerning my compensation, hours of work, pay for those hours of work, or CIS's payroll practices through [the date of the Court's Preliminary Approval Order].

12.     All settlement checks will remain negotiable for 180 days from the date they are issued, and shall be accompanied by the cover letter attached hereto as Exhibit D when they are sent to Eligible Class Members by the Settlement Administrator.  When 90 days of that 180 day check-cashing period has expired, the Settlement Administrator will mail and email a reminder attached hereto as Exhibit E to any Eligible Class Members who have not yet cashed their checks to inform them of the 180 day deadline.  During the last 45 days of the 180 day check-cashing period, the Settlement Administrator will call Eligible Class Members who have not yet cashed their checks, following the basic script attached as Exhibit F, to inform them of the 180 day deadline.  If working telephone numbers do not exist, the Settlement Administrator will use email for the same purpose.  At any point in the check-cashing period, the Settlement Administrator shall have the authority to stop payment on a lost check and issue a new check to an Eligible Class Member upon request.  The Settlement Administrator will maintain copies of all negotiated checks and shall prepare and deliver to the parties a declaration that the parties shall jointly file with the Court at the conclusion of the 180 day check-cashing period listing the names (but, for their privacy, no other identifying information) of all Class Members who signed, deposited and/or cashed their settlement checks.  This declaration shall be filed under seal with the Court's approval.

13.     If any Class Members have not signed, deposited and/or cashed their settlement checks by the 180 day deadline, then the total amount of the uncashed checks (and the corresponding withholdings and payroll taxes attributable to those uncashed checks) shall be remitted by the Settlement Administrator to CIS within ten business days after that deadline, in recognition that CIS is not receiving a release from Eligible Class Members who do not sign, deposit, and/or cash their settlement checks

14.     Subject to the Court's approval, Class Counsel shall receive one-third of the Gross Settlement Amount as attorneys' fees.  The Settlement Administrator will distribute the Court-approved attorneys' fees to Class Counsel, plus all of Class Counsel's Court-approved costs, as soon as possible after the Settlement Administrator receives the Gross Settlement Amount from CIS.

15.     The Parties and their counsel agree that they will not make any public statements about this Settlement until after the Court's Final Approval Order, and at that point, any public statements will be limited to what is in the public record and will not disclose any information protected by any Protective Order in this case.  Nothing in this paragraph shall restrict Class Counsel's attorney-client communications.  Further, nothing in this Settlement Agreement shall be construed as an admission of wrongdoing, liability, or violation of any statute, agreement, or common law on the part of the Released Parties.

16.     Pursuant to the Class Action Fairness Act ("CAFA"), CIS will mail a CAFA Notice to the Attorney General of the United States and the appropriate state official in each state in which a Class Member then resides within ten days of the filing of Class Counsel's motion for preliminary approval of this Settlement Agreement.  Class Counsel's motion for final approval will secure not only the approval of the fairness of the settlement under Rule 23 and its reasonableness under the FLSA but also its compliance with CAFA.

17.     Plaintiffs and CIS agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to executing such documents and taking such other action as may reasonably be necessary to implement the terms of this Settlement Agreement.  Both will use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary or ordered by the Court, to effectuate this Settlement Agreement and the terms set forth herein.  As soon as practicable after execution of this Settlement Agreement, Class Counsel will, with the assistance and cooperation of CIS and its counsel, take all necessary steps to secure the Court's final approval of this Settlement Agreement and to implement its terms.  Neither will discourage participation in this Settlement Agreement nor encourage objections or opt-outs; neither will discourage Eligible Class Members from signing, depositing, or cashing their settlement checks.

18.     The signatories to this Settlement Agreement represent that each is fully authorized to enter into this Settlement Agreement on behalf of themselves or their respective principals.  Further, because the Class Members are so numerous, it is impossible or impractical to have each of them execute this Settlement Agreement.  The Notice of Settlement will inform all Class Members of the binding nature of this Settlement Agreement and that it will have the same force and effect as if this Settlement Agreement were executed by each Class Member.

**FOR PLAINTIFFS AND THE CLASS**

Dated: June 23, 2017

Shanon J. Carson
Sarah R. Schalman-Bergen
BERGER & MONTAGUE, P.C.

**ERIC GUNDRUM**

Dated: June 28, 2017

Eric Gundrum

**MICHAEL KING**

Dated: June 29, 2017

Michael King

**FOR CLEVELAND INTEGRITY SERVICES, INC.**

Dated: June 21, 2017

Kathryn L. Martin
General Counsel

Dated: June 22, 2017

Rachel B. Cowen
DLA PIPER LLP (US)

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ERIC GUNDRUM and MICHAEL KING,** | : | |
| **individually and on behalf of all persons** | : | |
| **similarly situated,** | : | |
| | : | |
| **Plaintiffs,** | : | **CIVIL ACTION NO.: 4:17-cv-00055-** |
| | : | **TCK-TLW** |
| **v.** | : | |
| | : | |
| **CLEVELAND INTEGRITY SERVICES,** | : | |
| **INC.,** | : | |
| | : | |
| **Defendant.** | : | |

**NOTICE OF SETTLEMENT**

TO:    [Class Member Name]
       [Address]
       [Address]
       [Last Four Digits of Social Security No.]

*The Court authorized this Notice. This is not a solicitation.*
*This is not a lawsuit against you and you are not being sued.*

**PLEASE READ THIS NOTICE CAREFULLY.**

| 1. | **Why Should You Read This Notice?** |
|---|---|

You are entitled to a settlement payment.

Cleveland Integrity Services, Inc. ("CIS") has records showing that you worked for CIS in the job title of inspector and were paid on a daily rate basis in one or more workweeks between January 1, 2015 and March 31, 2017 ("Class Members"). This lawsuit alleges that Class Members were not paid overtime compensation in violation of the Fair Labor Standards Act ("FLSA") and applicable state laws.

The parties to the lawsuit agreed to settle the matter on behalf of a class of approximately [INSERT NUMBER] current and former employees of CIS.  The United States District Court for the Northern District of Oklahoma has preliminarily approved the Settlement as fair and reasonable.  The Court will hold a Final Approval Hearing on _____, 2017 at _____, in Courtroom ____, 333 W. 4th Street, Tulsa, Oklahoma.

**This Notice explains the terms of that Settlement and your right to receive a payment under the settlement if the Court grants final approval to the Settlement.**

1

**2.        What Are the Terms of the Settlement?**

Under the terms of the Settlement Agreement ("Settlement Agreement"), CIS has agreed to pay Four Million Five Hundred Thousand Dollars ($4,500,000.00) to settle the claims asserted in this lawsuit (the "Gross Settlement Amount").   Deductions from this amount will be made for (a) Class Counsel's attorneys' fees in an amount not to exceed one-third of the Gross Settlement Amount; (b) Class Counsel's costs as approved by the Court which currently are anticipated not to exceed $25,000; (c) service awards in amounts up to $20,000 each for Plaintiffs Eric Gundrum and Michael King and $2,500 to each of the five Opt-In Plaintiffs who submitted declarations; (d) all costs and fees of the independent Settlement Administrator; and (e) CIS' share of payroll taxes on that part of the net settlement funds that are attributable to wages..  After deductions of these amounts, what remains of the Settlement is the "Net Settlement Amount."

The Settlement Awards will be calculated as follows:

    1.        You will receive a monetary settlement award whether or not you submit a Claim Form.  If you do not submit a Claim Form, you will receive a minimum settlement amount ranging between $350 and $600, depending on the number of Class Members who submit a Claim Form.

    2.        If you do submit a timely Claim Form, you will receive more. In addition to the minimum settlement amount, you will also receive a Settlement Award calculated as follows:

- [INSERT FORMULA]

- Settlement Award determinations will be based on CIS's personnel and payroll records.

- Forty percent (40%) of each Class Members' Settlement Award shall be treated as back wages, and sixty percent (60%) shall be treated as non-wage penalties and/or liquidated damages.  The portion allocated to claims for unpaid overtime and other wage-related damages will be subject to all required employee and employer-paid payroll taxes and deductions. The portion allocated to liquidated damages shall be characterized as non-wage income to the recipient and you will be responsible for any applicable taxes on this portion.

In exchange for cashing your Settlement Award, you will release all claims, both known and unknown, that arise out of your employment with CIS under the Fair Labor Standards Act, state statutory law (excluding workers' compensation laws, unemployment compensation laws, and discrimination laws), or common law (*e.g.*, unjust enrichment, quantum meruit, etc.) concerning your compensation, hours of work, pay for those hours of work, or CIS's payroll practices through [the date of the Court's Preliminary Approval Order].

**It is your responsibility to keep a current address on file with the Settlement Administrator to ensure receipt of your monetary Settlement Award. If you fail to keep your address current, you may not receive your Settlement Award.**

**3.   How Do I Claim My settlement Award?**

**To receive an additional monetary distribution beyond a minimum settlement amount,   you must complete and return the attached Claim Form by [DATE].**

➢  You may return the Claim Form to the Settlement Administrator by mail, email, or facsimile at: [INSERT SETTLEMENT ADMIN INFO].

➢  You may also complete an online Claim Form at: [INSERT SHORTLINK TO SITE].

**4.        What Are My Rights?**

•   If you do not wish to be bound by the Settlement, and do not wish to receive either a minimum settlement amount or a Settlement Award, you must submit a written exclusion from the Settlement ("opt-out"), postmarked by [INSERT].  That request for exclusion must contain your full name, address, telephone number, email address (if applicable) and must be signed individually by you. No opt-out request may be made on behalf of a group.  The opt-out request must be sent by mail, email, or overnight courier to the Settlement Administrator at: [INSERT SETTLEMENT ADMIN INFO]. **Any person who requests exclusion (opts out) of the Settlement will not be entitled to any Settlement Award and will not be bound by the Settlement Agreement or have any right to object, appeal, or comment thereon**.

•   If you wish to accept a Settlement Award but object to the Settlement, you must submit an objection stating the factual and legal grounds for your objection to the Settlement, postmarked by [INSERT].  Your objection must state your full name, address, telephone number, and email address (if applicable), and must be signed by you.   Any objection must be mailed to the Settlement Administrator by either first class mail, email, or by overnight courier.

**5.        Can CIS Retaliate Against Me For Participating In This Settlement?**

No.  CIS encourages you to participate in this Settlement;  to submit a Claim Form; and to cash your Settlement Award check. If you are a current employee of CIS, your decision as to whether or not to participate in this action will in no way affect your employment with CIS; indeed, it is illegal for employers to take any adverse employment action against you as a result of your accepting either a minimum settlement or a Settlement Award  in this action.

**6.        Who Are The Attorneys Representing Plaintiff And The Class?**

Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra K. Piazza
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel: (215) 875-3033

Fax: (215) 875-4604
Email: apiazza@bm.net

| 7. | How Will The Attorneys For The Class Be Paid? |
|---|---|

You do not have to pay the attorneys who represent the Class.  The Court will decide on what those attorneys should be pay and the Settlement Agreement provides that their fees and costs (as decided by the Court) will be paid from the Gross Settlement Amount.  Further, the Settlement Agreement sets caps on those amounts: $1,500,000.00 for fees and $25,000 for costs.

| 8. | Who May I Contact If I Have Further Questions? |
|---|---|

If you need more information or have any questions, you may contact the attorneys at Berger & Montague, P.C. listed above at (215) 875-3033 or the Settlement Administrator at the toll-free telephone number listed or by email listed below.  Please refer to the CIS Overtime Settlement.

*CIS Overtime Settlement*
XXX
[ADDRESS]
[TELEPHONE NUMBER]
[EMAIL]

This Notice only summarizes the Lawsuit, the Settlement and related matters.  For more information, you may also inspect the Court files at the Office of the Clerk, United States District Court located at 7333 W. 4th Street, Tulsa, Oklahoma, from 8:30 a.m. to 4:30 p.m., Monday through Friday.

**PLEASE DO NOT CONTACT THE COURT.**

# Exhibit B

# SETTLEMENT CLAIM FORM: IMPORTANT

*Gundrum v. Cleveland Integrity Services, Inc.* (N.D. Okl.)

**CLAIMANT INFORMATION (if your name or address is incorrect, please mark any corrections)**

[INSERT CLAIMANT NAME AND ADDRESS]

**Telephone No.:**

**Email Address:**

By signing, I consent to join this lawsuit and agree to be bound fully by the settlement in return for a monetary Settlement Award.

Date:_____                    _____
                                          Signature

## TO RECEIVE A SETTLEMENT AWARD,  SIGN AND THEN MAIL, FAX, OR EMAIL THIS FORM  BY ……………., 2017, TO THE FOLLOWING:

Attn: CIS Overtime Settlement
[INSERT]
Telephone Number:  _____
Email Address: _____

Exhibit C

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ERIC GUNDRUM and MICHAEL KING,** individually and on behalf of all persons similarly situated, | : : : : | |
| **Plaintiffs,** | : : | **CIVIL ACTION NO.: 4:17-cv-00055-TCK-TLW** |
| **v.** | : : | |
| **CLEVELAND INTEGRITY SERVICES, INC.,** | : : : | |
| **Defendant.** | : | |

## REMINDER: 3 WEEKS UNTIL DEADLINE FOR CLAIM FORM

TO:    [Class Member Name]
        [Address]
        [Address]
        [Last Four Digits of Social Security No.]

You were sent a Settlement Notice because you have worked for Cleveland Integrity Services as an inspector and are eligible for a settlement payment in this lawsuit. The Settlement Administrator's records indicate that you have not sent in your Claim Form.

Both **Cleveland Integrity Services and the named plaintiffs  want  you to file a claim form to maximize your payment.** To receive an additional monetary distribution beyond a minimum settlement amount,  you must complete and return the attached Claim Form.

➢ You may return the Claim Form to the Settlement Administrator by mail, email, or facsimile.

➢ You may also complete an online Claim Form at: [INSERT SHORTLINK TO SITE].

You must do that no later than ……

If you have any questions, please contact the Settlement Administrator:

*Cleveland Integrity Services, Inc. Overtime Settlement*
XXX
[ADDRESS]
[TELEPHONE NUMBER]
[EMAIL]

# Exhibit D

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ERIC GUNDRUM and MICHAEL KING,** **individually and on behalf of all persons** **similarly situated,** | : : : : | |
| **Plaintiffs,** | : : | **CIVIL ACTION NO.: 4:17-cv-00055-** **TCK-TLW** |
| **v.** | : : | |
| **CLEVELAND INTEGRITY SERVICES,** **INC.,** | : : : | |
| **Defendant.** | : | |

### SETTLEMENT AWARD CHECK

TO:   [Class Member Name]
       [Address]
       [Address]
       [Last Four Digits of Social Security No.]

**Your Settlement Award check is enclosed.   Your check will automatically expire on _____, 2017 so you should cash or deposit your check as soon as possible.**

You are eligible for this Settlement Award check because you worked for Cleveland Integrity Services, Inc. ("CIS"). You previously received a Notice Of Settlement.  Now, the court has granted final approval of that settlement resolving claims that CIS failed to pay overtime compensation..

If you have any questions or concerns, please contact Plaintiff's Counsel, Berger & Montague, P.C., at (215) 875-3033 or apiazza@bm.net or contact the court-appointed Settlement Administrator:.

*Cleveland Integrity Services, Inc. Overtime Settlement*
XXX
[ADDRESS]
[TELEPHONE NUMBER]
[EMAIL]

# Exhibit E

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ERIC GUNDRUM and MICHAEL KING,** | : | |
| **individually and on behalf of all persons** | : | |
| **similarly situated,** | : | |
| | : | |
| **Plaintiffs,** | : | **CIVIL ACTION NO.: 4:17-cv-00055-** |
| | : | **TCK-TLW** |
| **v.** | : | |
| | : | |
| **CLEVELAND INTEGRITY SERVICES,** | : | |
| **INC.,** | : | |
| | : | |
| **Defendant.** | : | |

**REMINDER: 90 DAYS UNTIL CHECK CASHING DEADLINE**

TO:    [Class Member Name]
        [Address]
        [Address]
        [Last Four Digits of Social Security No.]


      You were sent a Settlement Award check for the settlement of this case on DATE. The Settlement Administrator's records indicate that you have not cashed or deposited your Settlement Award check.  Your check will automatically expire on _____, 2017.

      Both defendant **Cleveland Integrity Services and the named plaintiffs  want  you to cash your check and to do that as soon as possible**. You will not be able to cash or deposit your check after the _____ deadline.

      If you have any questions, please contact either Plaintiff's counsel Berger & Montague, P.C., at (215) 875-3033 or apiazza@bm.net or the Settlement Administrator:

*Cleveland Integrity Services, Inc. Overtime Settlement*
XXX
[ADDRESS]
[TELEPHONE NUMBER]
[EMAIL]

**PS**:  **If you have lost your check, please call: a new check can be issued to you.**

Exhibit F

## SCRIPT: 45 DAYS UNTIL CHECK CASHING DEADLINE

**Telephone Script if the Class Member Answers:**

Hello, my name is _____, and I work for [Settlement Administrator].

Our records indicate that you have not cashed or deposited the Settlement Award check that was issued to you as part of the Settlement in a case involving inspectors who worked at *Cleveland Integrity Services, Inc.*

The check was mailed to the address that we have on file on _____, 2017.  Have you received the check in the mail?

**If yes**: Cleveland Integrity and the other parties want you to have that money and encourage you to cash your check as soon as possible.  You must cash or deposit the check prior to the deadline of _____, 2017.  Thank you and have a good day.

**If no**: Would you like for us to mail a replacement check to you?
> **If yes**: To what address would you like the check to be sent?  [Answer.]  Thank you.  CIS and Plaintiff encourage you to cash your check as soon as possible.  You must cash or deposit the check prior to the deadline of _____, 2017.  Thank you and have a good day.
> **If no**: Thank you and have a nice day.

**Telephone Script for Messages (voicemail or otherwise):**

Hello. This message is for [Name of Class Member]. My name is _____, and I work for [Settlement Administrator].

Our records indicate that you have not cashed or deposited the Settlement Award check that was issued to you as part of the Settlement in a case involving  inspectors who worked at  *Cleveland Integrity Services, Inc.*

The checks must be cashed by [DATE].  If you have not received the check and would like a replacement to be sent to you, or have any questions, please call [Settlement Administrator Telephone Number].

Thank you and have a good day.